07 Civ. 5797 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLEN STORMAN,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-170*
*New York, New York 10007*

*Of Counsel:*
*Daniel Chiu*

*Tel: 212-788-1158*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------ x

GLENN STORMAN,

Docket No. 07 Civ. 5797 (SHS)

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Plaintiff Glenn Storman, a guidance counselor currently employed by the New York City Department of Education ("DOE" or "Defendant"), brings this action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution alleging that he was deprived of property and liberty without due process of law when he received an unsatisfactory rating for the 2004/2005 school year.

Defendant now moves to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. This Court is deprived of jurisdiction over plaintiff's claims because an adequate state law remedy already exists for plaintiff, and to which he has availed himself, an Article 78 proceeding. Moreover, because an adequate state law remedy already exists, plaintiff's complaint fails to state a claim and must therefore be dismissed.

## STATEMENT OF FACTS[1]

Plaintiff is currently a guidance counselor employed by DOE.  See Complaint, ¶ 8, Exhibit A.[2]  In February 2005, the Office of Special Investigations issued a report concluding that plaintiff "should not have made physical contact with Student A when he was reprimanding him."  Id., at Ex. D, p. 4.  The report further recommended to plaintiff's Principal that she take "whatever disciplinary action she deems appropriate."  Id.  In June 2005, plaintiff was issued an unsatisfactory rating ("U rating") for the 2004/2005 school year.  Id., ¶ 39.  Plaintiff appealed the U rating which was heard on May 23, 2006.  Id., ¶¶ 40-41.  Plaintiff's appeal was denied on August 14, 2006 and the U rating was sustained.  Id., ¶ 42.  Prior to the commencement of the instant complaint, and within four months of the decision sustaining his U rating, plaintiff instituted a proceeding in the Supreme Court of the State of New York, New York County, pursuant to Article 78 of the Civil Practice Law and Rules.  See Verified Petition, ¶ 1, Exhibit B. In the Article 78 proceeding, plaintiff challenged the Chancellor's determination sustaining the U rating and sought to vacate the U rating.  See Notice of Petition, Exhibit B.  Plaintiff also sought the award of $23,000 for the loss of summer school teaching and per session home instruction. Petition, ¶ 40, Exhibit B.

On June 19, 2007, plaintiff commenced the instant action.  See Complaint, Exhibit A. Plaintiff's complaint does not allege how he was denied due process except to state that the "determination that the Plaintiff was guilty of a substantiated incident of corporal punishment is arbitrary and capricious."  Id., ¶ 52.  Plaintiff further alleges that the "determination … is devoid of any legal or factual basis" and that such determination "is gravely damaging to Plaintiff both

---

[1] Unless otherwise specified, all facts are taken from the complaint in this action.  For the purposes of this motion to dismiss only, the material facts alleged in the complaint are deemed to be true.

[2] References to all exhibits are to those annexed to the Declaration of Daniel Chiu, dated August 16, 2007, submitted herewith in support of the instant motion.

2

financially and professionally." Id., ¶¶ 44-45. Plaintiff's petition contains identical allegations. Petition, ¶¶ 35-36. In addition to making identical allegations (e.g., compare ¶¶ 13-49 of the Complaint to ¶¶ 3-41 of the Petition), plaintiff also seeks relief identical to the relief sought in the Article 78 proceeding. See Petition, ¶ 41 and Complaint, ¶ 49.

## MOTION TO DISMISS STANDARDS UNDER
## FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court is not confined to the allegations in the Complaint and may "resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2nd Cir. 1991). "Argumentative inferences favorable to the party asserting jurisdiction should not be drawn," Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2nd Cir. 1992) citing Scheuer v. Rhodees, 416 U.S. 232 (1974), and "the plaintiff asserting subject matter jurisdiction has a burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493 (2nd Cir. 2002) citing Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000). In resolving a challenge to subject matter jurisdiction, the Court is not obligated to draw inferences in favor of the plaintiff. See Newsom-Lares v. Warren International, 129 F.Supp.2d 662, 663-64 (S.D.N.Y. 2001).

When deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court must accept as true all well-pled factual allegations, since a motion to dismiss for failure to state a claim tests only the legal sufficiency of a complaint. See, e.g., Green v. Maraio, 722 F.2d 1013, 1015 (2nd Cir. 1983). In order to avoid dismissal, however, a plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhart v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000). Dismissal is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

4

## ARGUMENT

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW DUE TO THE AVAILABILITY OF AN ADEQUATE POST DEPRIVATION STATE LAW REMEDY

Plaintiff's claim that he was denied due process of law in violation of the Fourteenth Amendment of the United States Constitution must be dismissed as a matter of law. To sustain a due process claim, plaintiff must show that he has a property or liberty interest protected by the Constitution. *See* Narumanchi v. Board of Trustees, 850 F.2d 70, 72 (2nd Cir. 1988). If a protected interest is identified, the second step is to determine whether the defendant deprived the plaintiff of that interest without due process. Id. To maintain a claim that he was deprived of a property interest, plaintiff must have a property right in his employment.[3]

Due process is satisfied if an adequate post-deprivation state law remedy exists. Edwards v. City of New York, 2005 U.S. Dist. Lexis 34376 *60-61 (S.D.N.Y. Dec. 19, 2005) (Crotty, J.) (where individual is intentionally deprived of a property or liberty right the Due Process Clause of Fourteenth Amendment is not violated as long as the State provides a meaningful postdeprivation remedy). As a matter of law, an Article 78 proceeding constitutes an adequate postdeprivation remedy. Goonewardena v. State of New York, 475 F.Supp.2d 310, 325 (S.D.N.Y. 2007) (Article 78 proceeding is perfectly adequate postdeprivation remedy for perceived due process violations); *see also* Reyes v. Erickson, 238 F.Supp.2d 632, 636 (S.D.N.Y. 2003) (Article 78 gave plaintiff meaningful opportunity to challenge state act and was therefore not deprived of due process).

---

[3] For purposes of the instant motion, it is assumed that plaintiff has a protectable property and liberty interest in working as a summer school teacher and providing home instruction. It is doubtful, however, that such an interest exists. Cassidy v. Scoppetta, 365 F.Supp.2d 283, 287 (EDNY 2005) (no court in the 2nd Circuit has found a protected property interest in overtime pay as the opportunity to work overtime is at best an expectation rather than an entitlement).

Here, plaintiff alleges that he was deprived of liberty and property without due process of law by the purported "arbitrary and capricious" determination that he was guilty of corporal punishment. *See* Complaint, ¶¶ 52 and 54. Plaintiff was not deprived of due process, however, as plaintiff had available to him, and indeed did, challenge the determination in an Article 78 proceeding. See Exhibit B.

The existence of Article 78 thus provides plaintiff an adequate state law remedy to challenge the decision finding plaintiff "guilty of a substantiated incident of corporal punishment" and the subsequent "unsatisfactory" rating plaintiff received. Due to the existence of the state law remedy, plaintiff is precluded from using the federal courts to challenge the same act plaintiff challenged in his Article 78 proceeding and his complaint should therefore be dismissed.[4]

---

[4] As of this date, the New York State Supreme Court has not issued a decision on plaintiff's Article 78 petition. Defendant notes, however, that the decision of the Supreme Court may have preclusive effect over the factual issues raised herein as the allegations and relief requested in the Complaint is identical to that contained in the Verified Petition. Roemer v. Board of Education, 2002 U.S.Dist. Lexis 27118 *14 (E.D.N.Y. Dec. 30, 2002)(Gold, M.J.) (decision rendered in Article 78 proceeding may be given preclusive effect).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an order granting Defendant's motion to dismiss and dismiss the Complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 16, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-170
New York, New York 10007
212-788-1158

By: _____
        Daniel Chiu (DC-3881)
        Assistant Corporation Counsel

Blanche Greenfield
Daniel Chiu,
       Of Counsel

7

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On August 16, 2007, I served the annexed Defendant's Memorandum of Law in Support of Motion to Dismiss by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

> John C. Klotz, Esq.
> Attorney for Plaintiff
> 350 Fifth Avenue, Suite 4810
> New York, New York 10118

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 16, 2007

                                            _____
                                            Daniel Chiu