Index No. 07-CV-5797 (SHS)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

GLENN STORMAN,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant,

## PLAINTIFF'S  MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

JOHN C. KLOTZ (JK4172)
Attorney for the Plaintiff
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 630-2600

# TABLE OF CONTENTS

Statement of the case ................................................................................................ 1
   1.   Introduction ................................................................................................ 1
   2.   Statement of facts ...................................................................................... 1
      **a.**   The Plaintiff........................................................................................ 1
      **b.**   The incident........................................................................................ 2
      **c.**   The investigation................................................................................ 3
      **d.**   The finding of 'substantiated" corporal punishment........................... 4
      **e.**   The Chancellor's Hearing .................................................................. 4
      **f.**   Importance of case and confrontation with accuser ........................... 4
   3.   State Proceedings....................................................................................... 5

POINT ONE............................................................................................................ 6
BECAUSE OF PLAINTIFF'S  IMPORTANT LIBERTY INTERESTS AT STAKE,
PLAINTIFF WAS ENTITLED TO THE DUE PROCESS OF LAW WHICH
INCLUDED A HEARING, CONFRONTATION WITH HIS ACCUSER AND A
DETERMINATION UPON THE MERITS SUPPORTED BY AT LEAST A
PREPONDERANCE OF THE EVIDENCE. .................................................. 6
   Stigma Plus ............................................................................................ 6

POINT TWO........................................................................................................... 9
THE WEIGHT OF AUTHORITY IS THAT  SECTION 1983 DAMAGES ARE NOT
RECOVERABLE IN AN ARTICLE 78 PROCEEDING AND MAY BE PURSUED IN
A COLLATERAL ACTION IN FEDERAL COURT........................................ 9

POINT THREE...................................................................................................... 11
BY WHATEVER STANDARD IS APPLIED, THERE IS NO EVIDENCE THAT
PLAINTIFF WAS GUILTY OF AN ACT CORPORAL PUNISHMENT,.................... 11

POINT FOUR ....................................................................................................... 12
IN THE EVENT THAT COURT FINDS THAT COMPLAINT FAILS TO STATE A
CAUSE OF ACTION, LEAVE OUGHT TO BE GRANTED TO FILE AN AMENDED
COMPLAINT. ....................................................................................... 12

CONCLUSION...................................................................................................... 13
THE UNSATISFACTORY RATING HAS DAMAGED THE PLAINTIFF
PERMANENTLY AND WAS THE RESULT OF A PROCEDURE THAT DENIED
THE PLAINTIFF DUE PROCESS, THE AMENDED COMPLAINT STATES A
CAUSE OF ACTION. IN THE ALTERNATIVE, THE COURT OUGHT GRANT
LEAVE TO FILE AN AMENDED COMPLAINT........................................ 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
                                                                    :
GLENN STORMAN                                                       :        Index No. 07 CV 5797 (SHS)
                                                                    :
                                        Plaintiff,                  :
                                                                    :
                     -against-                                      :
                                                                    :
NEW YORK CITY DEPARTMENT OF EDUCATION,                              :
                                                                    :
                                        Defendants.                 :
                                                                    :
-------------------------------------------------------------------X

**PLAINTIFF'S OPPOSING MEMORANDUM OF LAW**

**Statement of the case**

1. **Introduction**

   This is an action pursuant to 42 USC § 1983 seeking damages from the New York City Department of Education. The defendant has not answered but moved to dismiss the complaint. Subsequently, plaintiff filed an amended complaint ("AC") as of right. All references herein will be to the AC. The principal difference between the complaint and the AC is that all requests for injunctive action have been dropped form the AC and this action is purely one for damages.

   After filing the AC, the attorney for the plaintiff discussed this matter with assistant corporation counsel and pointed that technically it mooted the motion to dismiss. However, the corporation counsel expressed a desire to continue with the motion and respond to the such opposing papers as the plaintiff should serve and file.

2. **Statement of facts**

a. The Plaintiff

   Plaintiff, Glen Storman, is a tenured Guidance Counselor employed by the New York City Department of Education ("DOE"). This is an action pursuant to 42 U.S.C. § 1983 seeking

- 1 -

damages on account of a denial to plaintiff of his liberty interests without due process of law by reason of a determination after a hearing by the Chancellor of the DOE, affirming the unsatisfactory ("U") rating given to Plaintiff as a result of a "substantiated incident of corporal punishment."

Plaintiff maintains that the determination that he committed an act of "corporal punishment" was not in fact substantiated and that all the evidence indicates that there was either (a) no physical contact with the pupil involved (Student A), or (b) any contact, if it did occur, was unintentional and so slight that it was unseen by ALL the witnesses to the incident who were in the same room observing what happened.

**b.** <u>The incident</u>

The incident at the heart of this case is described in the AC as follows:

> "17. On October 26, 2004, Plaintiff entered a classroom to obtain information about a student's attendance (Student X). In his hand, he had a rolled-up piece of paper concerning the attendance of Student X..

> "!8. As he entered the classroom, Plaintiff became aware of a tumult in the classroom. A student ("Student A") was kneeling on a chair, cursing out a female substitute teacher and disrupting the class. He approached the Student A, and gesturing with the hand in which he had the piece of paper, told Student A to "Zip it."

> "19. Whereupon Student A, sat down and ceased his disruptive behavior.

> "20. Plaintiff did not touch Student A. In the alternative, if the paper in his hand touched Student A, it was entirely accidental and unintentional. No one in the room observed Student A touched by the paper and Plaintiff does not believe it happened. Such accidental touching, if it occurred, was slight and caused absolutely no harm or damage or injury of any kind to Student A.

> "21. Plaintiff regarded the incident as closed as he had accomplished his objective which was to help the substitute teacher restore order.

As will appear, infra, nothing in the investigation following the incident and subsequent hearing contradicts the AC in any way. The Transcript of the Chancellor's Hearing is annexed to the AC as Exhibit E and will be cited hereinafter as "TR."

**c.**  The investigation

Mr. Storman saw no need to make any report of the incident because it was so quickly resolved by his action and the class had returned to normal. Had it been a continuing out of control situation he would have reported it, as he had at other times in the past. At the Chancellors Hearing, he was queried by Supervising principal, why he hadn't reported it:

> MS. MARCELLA: Well, if the child was acting out so terribly and cursing the teacher and doing all these terrible things, why wasn't it brought to the administration?

> MR. STORMAN: Because when I went over to him and I said to him to stop, to zip it, he basically stopped because I was attending to it. It ended there, basically.

> MS. MARCELLA: He didn't what, I'm sorry?

> MR. STORMAN: He stopped making any kind of difficult behavior and comments to the substitute teacher when I went over to him and to say, zip it. So, as the situation was ameliorated -- I come to you often when situations are like that [out of control], why wouldn't I [have reported such a situation]?" TR 56

However, some three weeks later, an investigation of Mr. Storman was begun on the complaint of his Supervisor Ms. Josephine Marcella, that Mr. Storman had been charged by the student's father with  inappropriate sexual contact by Mr. Storman with Student A. TR 16

The matter was referred to the Chancellor's Office of Special Investigations (OSI) and Dennis Boyles was assigned the investigation. His report appears as Exhibit D of the AC..

In his investigation, Mr. Boyles interviewed 9 student witnesses, including Student A. None of the student witnesses, except Student A, saw any touching of Student A by Plaintiff. They did confirm Student A's disruptive behavior. Student A dropped any claim that there was a sexual connotation to the incident. He was not in fact physically harmed, but stated he was "embarrassed." All of the students who had any recollection of the incident confirmed that Student A was being disrespectful to the teacher and cursing her. Student A admitted that to be the case. (The Report of Investigation, AC, Ex. D)

Student H stated to Mr. Boyles, that Student A had told him that he would "get Mr. Storman." (AC, Exhibit D, p. D-3)

**d.**   The finding of "substantiated" corporal punishment

Mr. Boyles reported to Commissioner Hyland and the Commissioner Hyland reported to Ms. Marcella that the incident of corporal punishment had been substantiated. Thereafter, Ms. Marcella directed Mr. Carl Santamaria to issue a "U" rating to Mr. Storman on the grounds of a substantiated incident of corporal punishment." (TR 15) Mr. Storman, appealed.

**e.**   The Chancellor's Hearing

At the Chancellor's Hearing, Ms. Marcella stated that she based the "U" rating on the grounds that Mr. Boyles investigation it was "substantiated for Corporal Punishment." (TR 12) However, she later professed expertise as to what constitutes corporal punishment and that the incident to did NOT rise to the level of corporal punishment. (TR 40)

At the Hearing, Mr. Boyles, admitted that there was no incident of corporal punishment. and the finding of substantiated corporal punishment was just "boilerplate." (TR 38-39)  He found inappropriate contact because:

> "Mr. Storman, based on his written statement and the conversation I had with him, where he said he **might** have touched the kid when he was motioning for him to be quiet because he had a piece of paper in his hand, based on that, I substantiated for inappropriate touching, and I forwarded the report to Ms. Marcella." (Emphasis supplied) TR 17

Mr. Storman's statement at the Chancellors hearing appears at pages TR 42 to TR 49 of the record.

Nothing in this record contradicts AC 0r Mr. Storman. Nothing. Mr. Storman never admitted to intentionally touching the student and the statement by Mr. Boyles confirms that. All that Mr. Storman said is that he "might" have touched the student with the paper.

**f.**   Importance of case and confrontation with accuser

Mr. Storman's union advisor at the hearing, Michael Grossman, presented to the Chancellor's representative, an arbitration decision in another matter. (TR 51-52). The point is that when important issues for a tenured teacher are at stake, the Report of the OSI is more of an indictment and there should be a right to confront adverse witnesses. No such right of confrontation was afforded Plaintiff.

**3.  <u>State Proceedings</u>**

Mr. Storman commenced an Article 78 Proceeding to set aside the determination of the Chancellor that he was guilty of a substantiated incident of misconduct.

The defendant has supplied the court with a copy of the Plaintiff's Article 78 petition. Annexed hereto as Exhibit A is a copy of the defendant's memorandum to the state court and the Court is respectfully requested to take judicial notice of the same. In it, the defendant argues that an "abuse of discretion" standard applies to any review of the determination of the Chancellor at issue. It also argues that the damages sought by plainitiff were not incidental to the Article 78 proceeding.

The state proceeding is currently *sub judice*.

**POINT ONE**
**BECAUSE OF PLAINTIFF'S IMPORTANT LIBERTY**
**INTERESTS AT STAKE, PLAINTIFF WAS ENTITLED TO**
**THE DUE PROCESS OF LAW WHICH INCLUDED A**
**HEARING, CONFRONTATION WITH HIS ACCUSER AND**
**A DETERMINATION UPON THE MERITS SUPPORTED**
**BY AT LEAST A PREPONDERANCE OF THE EVIDENCE.**

There are four standards of evidentiary review of administrative:

(1) Abuse of discretion where no hearing is required NY CPLR 7803(3) *Scherbyn v. Wayne-Finger Lakes BOCES,* 77 N.Y.2d 753 (1991);

(2) Where a hearing is required, substantial evidence is necessary tio support the challenged determination. NY CPLR 7803(4) *Pell v. Board of Education,* 34 N.Y.2d 222 (1974);

(3) A preponderance of the evidence where an action results in a "Stigma plus" denial of a liberty interest (*Valmonte v Bane*, 18 F. 3d 992, 1000-1001 [2d Cir. 1994])

(4) Clear and convincing evidence where the liberty interest threatened is of the highest importance (*Santosky v. Kramer*, 455 U.S. 745, 766, 71 L. Ed. 2d 599, 102 S. Ct. 1388 [1982] permanent loss of parental rights)

**<u>Stigma Plus</u>**

Where a state imposes on an employee a stigma or other disability that forecloses his freedom to take advantage of other employment opportunities, then, because deprivation not only of present government employment, but also of future opportunity for government employment, is no small injury, the state is required by procedural due process to accord to the teacher notice and an opportunity to refute the charges before state officials. *Valmonte v Bane*, 18 F. 3d 992, 1000-1001 (2d Cir. 1994). The issue in this case is whether the bundle of injuries to Plaintiff caused by his "U" rating are such as to constitute a denial to him of his protected liberty interests without due process or law which would include requiring findings of fact supported by a "preponderance of the evidence."

Plaintiff has set forth in his Complaint the direct benefits he is losing because of his "U" rating and the fact is that the "U" rating is precisely the type of stigma that will follow him and foreclose employment opportunities for him. In terms of his liberty rights, the AC specifically alleges:

> "8. For over 25 years Plaintiff has been employed by the New York City Board of Education and for the last 16 years he has been employed as a guidance counselor. During this time, Plaintiff has enjoyed an excellent reputation having earned the high regard of parents, students, his teaching colleagues and supervisors.

> "9. Plaintiff's tenure rights are vested in him by reason of the provisions of the New York Sate Education Law, the contract between Defendant and the his union, the United Federation of Teachers ("UFT") and rules, regulations and procedures promulgated by the defendant pursuant to its governmental power.

> "10. Among the rights and privileges afforded Plaintiff by the UFT Contract are "retention rights" which allows him to obtain and retain extra-assignments including assignment as a summer school teacher and as a Home Instructor pursuant to the Defendant's Home Instruction Program.

> "11. Plaintiff's vested rights of retention and his ability to pursue professional opportunities afforded him by his experience and previously unblemished reputation are all integral parts of his liberty that is protected by the United States Constitution."

Defendant contends that the existence of a "post deprivation" remedy" defeats plaintiffs claim to a denial of due process. However, where the denial of due process is in the context of an established state process – as it is  in this case – then the existence of a post deprivation remedy is not relevant and does not defeat a due process claim. *Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996)(collecting cases), cert. denied, 521 U.S. 1140, 118 S. Ct. 15, 138 L. Ed. 2d 1048 (1997).

In *Hellenic,* The Court of Appeals stated:

> "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. *See Hudson v. Palmer, 468 U.S. 517, 532, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984)*; *Parratt v. Taylor, 451 U.S. 527, 541, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986).* In the latter case, the *Due Process Clause of the Fourteenth Amendment* is not violated when a state employee intentionally deprives an

individual of property or liberty, so long as the State provides a meaningful post deprivation remedy.  *Hudson v. Palmer, 468 U.S. at 531, 533*. When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of post deprivation procedures will not, ipso facto, satisfy due process.  *Id. at 532*; *Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36,  71 L. Ed. 2d 265, 102 S. Ct. 1148 (1982)*." *Hellenic American Neighborhood Action Comm. v. City of New York*, supra, 101 F.3d  at 880

Where, the claim is based on the "random, unauthorized act" of state employees and there is a viable post-deprivation remedy, the proper result is to dismiss the Section 1983 claim, but the federal courts are available where the actions were not random, unauthorized acts:

"[I]f there *is* a constitutional violation, federal courts are available to hear *§ 1983* suits despite the availability of adequate state procedures.  *Monroe v. Pape, 365 U.S. at 183*. *Parratt*, *Hudson* and their progeny, however, emphasize that there *is no* constitutional violation (and no available *§ 1983* action) when there is an adequate state post deprivation procedure to remedy **a random, arbitrary deprivation of property or liberty.**  *Zinermon v. Burch, 494 U.S. at 132*; *Parratt v. Taylor, 451 U.S. at 541*; *Hudson v. Palmer, 468 U.S. at 531, 533*" (Emphasis added) *Hellenic American Neighborhood Action Comm. v. City of New York*, supra, 101 F.3d at 882

In *Reyes v. Erickson*, 238 F.Supp.2d 632, 636 (S.D.N.Y. 2003) this Court applied the reasoning of the *Hellenic* case to dismiss a Section 1983 claim which the Court found to meet the "random and unauthorized" logic of *Hellenic*. It also noted the discussion of *Hellenic in John Gil Constr., Inc. v. Riverso*, 72 F. Supp.2d 242, 251 n.13 (S.D.N.Y. 1999).

The issue to be decided then is whether this case is more like *Reyes* or more like *Logan v. Zimmerman Brush Co*., 455 U.S.  422 (1982). In essence, this distinction among acts pursuant to a state sanctioned process and "random, unauthorized acts" is a variant of the state action element of a Section 1983 claim. Where, as it in this case, the deprivation is the result of a state process, it is state action. However, where, as is **not** the case here, there it is a random, unauthorized act and the state provides a remedy, the random unauthorized act is not state action.

In its memorandum to the state court (Ex. A, appended), the defendant does not argue that the Chancellor's action was random or unauthorized. To the contrary, it defends his right to make a decision governed only by the rule of abuse of a discretion standard.. But neither CPLR § 7803(3) (abuse of discretion) nor § 7803(4) (substantial evidence) pass constitutional muster when a "stigma plus" event occurs.

*Narumanchi v. Board of Trustees*, 850 F2d 70, 72 (2nd Cir. 1988).cited on page 5 of the defendants memorandum is not applicable to this case because the plaintiff in that case refused to exercise his rights pursuant to the collective bargaining agreement or participate in the grievance procedure. This pre-*Hellenic* decision did not analyze the issue before it in the manner of *Hellenic*.

**POINT TWO**
**THE WEIGHT OF AUTHORITY IS THAT SECTION 1983**
**DAMAGES ARE NOT RECOVERABLE IN AN ARTICLE 78**
**PROCEEDING AND MAY BE PURSUED IN A**
**COLLATERAL ACTION IN FEDERAL COURT.**

The AC alleges damages as follows:

"59. By reason of the premises aforesaid, Defendant acting under color of law has deprived the Plaintiff of his liberty rights and property without due process of law in violation of 42 U.S.C. § 1983.

"60. By reason of the premises aforesaid, Plaintiff has been damaged in his property by reason of lost income and reasonably anticipated retirement benefits in the some of $1,000,000.

"61. Defendant's actions has caused Plaintiff severe emotional distress and anxiety, caused him to lose sleep and suffer pain and anguish because of the threat to his continued employment and the destruction of his career and reputation.

"62. The actions of the defendant damaged Plaintiff's otherwise harmonious relationship with his wife, creating domestic friction, further causing and enhancing his emotional distress.

"63. By reason of his emotional distress and damage to his marital relationship, plaintiff has been damaged in sum to be determined but not less than $1,000,000.

"64. By reason of the premises aforesaid the Plaintiff is entitled to judgment in the sum of $2,000,000 together with the costs and disbursements of this action including reasonable attorney fees pursuant to 42 U.S.C. §1988."

Both N.Y. State courts and federal courts, presented with issues arising in federal actions brought subsequently to, or concurrently with an Article 78 proceeding involving the same

operative facts, have recognized the limited scope of damages recoverable in an Article 78 proceeding, as contrasted with an action pursuant to Section 1983.

In *Schwab v. Bowen*, 41 N.Y.2d 907, 394 N.Y.S.2d 616, 363 N.E.2d 341 (1977), the New York State Court of Appeals held that "Damages may not be awarded in this proceeding because damages, if any, would not be incidental to primary relief ( *CPLR 7806*).  This determination is without prejudice, of course, to any other action petitioners may be advised to take."  In *Finklestein v. Capuano*, 792 F.2d 275, 278-82 (2d Cir. 1986)[1] the Second Circuit Court of Appelas determined that damages for civil rights violations are not recoverable in Article 78 proceedings, In *Resource N.E. Of Long Island, Inc. v. Town Of Babylon*, 28 F. Supp. 2d 786, 792 (E.D.N.Y. 1998), the District Court held that Article 78 is not adequate remedy for Section 1983 claims because it does not offer the full range of relief of Section 1983, See also *Reape v. Adduci*, 151 A.D.2d 290, 293, 542 N.Y.S.2d 562, 564 (1st Dep't 1989) where the First Department of the N.Y.S. Appellate Division held that civil rights actions for damages are not incidental to Article 78 reviews of administrative determinations.

Moreover, in the state court proceeding, defendant has argued that the damages sought were not recoverable in an Article 78 proceeding. (Exhibit A, POINT TWO, pp. 4-5)

---

[1] For some reason, not apparent to counsel, this case is cited as *Davidson v. Capuano* in *Resource N.E. Of Long Island, Inc. v. Town Of Babylon* . supra.

**POINT THREE**
**BY WHATEVER STANDARD IS APPLIED, THERE IS NO**
**EVIDENCE THAT PLAINTIFF WAS GUILTY OF AN ACT**
**CORPORAL PUNISHMENT,**

According to Chancellor's Regulation A-420:

> \*\*\*"Regulations of the Commissioner §100.2(I)(3)(i) define corporal punishment as any act of physical force upon a pupil *for the purpose of punishing* that pupil. Such term shall not mean the use of reasonable physical force for any of the following purposes:
>
> "1. to protect oneself from physical injury;
>
> "2. to protect another pupil or teacher or any other person from physical injury (e.g. breaking up a physical altercation without using excessive force);
>
> "3. to protect the property of the school or of others; or
>
> "4. to restrain or remove a pupil whose behavior is interfering with the orderly exercise and performance of school district functions, powers or duties, if that pupil has refused to comply with a request to refrain from further disruptive acts, provided that alternative procedures and methods not involving the use of physical force cannot be reasonably employed to achieve the purposes set forth in 1 through 3 above." (Emphasis supplied)

The issue, therefore, is whether, Mr. Storman committed an act of physical force on Student A **for the purpose of punishing him**. It is an offense of intent. There are no facts in this record to indicate that Mr. Storman exerted "physical force" upon Student A for the purpose of punishment – or any other purpose at all. Plaintiff submits that whatever test is applied, the result is the same, the determination must be set aside and the "U" rating based upon a substantiated incident of corporal punishment expunged from Plaintiff's record.

In the case at bar, both the investigating officer and the supervising principal conceded that the facts did not amount to corporal punishment. (TR 38-40). Given those admissions and the total absence from this record of any evidence that Mr. Storman inflicted physical force on Student A for the purpose of punishing him, the "U" rating is patently in error.

Yet, the Chancellor, after the hearing in which these admissions were made, sustained the rating on the grounds of a "substantiated incident of corporal punishment".

**POINT FOUR**
**IN THE EVENT THAT COURT FINDS THAT THE**
**AMENDED COMPLAINT FAILS TO STATE A CAUSE OF**
**ACTION, LEAVE OUGHT TO BE GRANTED TO FILE AN**
**AMENDED COMPLAINT.**

In the event that the Court should find for any reason that the AC fails to state a cause of action, leave is requested to file a second amended complaint.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When a complaint is dismissed, leave to amend should be freely granted. In *Foman v. Davis,* 371 U.S. 178; 83 S. Ct. 227; 9 L. Ed. 2d 222 (1962) the Supreme Court held:

> "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* supra, 371 U.S. at 182

**CONCLUSION**

**THE UNSATISFACTORY RATING HAS DAMAGED THE PLAINTIFF PERMANENTLY AND WAS THE RESULT OF A PROCEDURE THAT DENIED THE PLAINTIFF DUE PROCESS, THE AMENDED COMPLAINT STATES A CAUSE OF ACTION. IN THE ALTERNATIVE, THE COURT OUGHT GRANT LEAVE TO FILE AN AMENDED COMPLAINT.**

Dated: New York, New York
           September 28, 2007

                                                    Respectfully submitted,


                                          _s/JOHN C. KLOTZ_
                                          JOHN C. KLOTZ (JK4162)
                                          Attorney for Plaintiff
                                          350 Fifth Avenue, Suite 4810
                                          New York, New York 10118
                                          (212) 630-2600

Index No. 18337/06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of

GLENN STORMAN,

Petitioner,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Respondent.

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF VERIFIED ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Respondent*
*100 Church Street, Room 2-170*
*New York, New York 10007*

*Of Counsel:*
*Daniel Chiu*

*Tel: 212-788-1158*

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

## PRELIMINARY STATEMENT

Petitioner Glenn Storman ("Storman" or "Petitioner") commenced this proceeding pursuant to CPLR § 7803(3) alleging that the unsatisfactory rating he received for the 2004/2005 school year should be vacated. Petitioner argues that the unsatisfactory rating should be vacated because respondent New York City Department of Education ("DOE" or "Respondent") presents no evidence to substantiate that Petitioner engaged in corporal punishment against a student ("Student A").

Petitioner, however, is mistaken. The Office of Special Investigations conducted an investigation that substantiated the claim that Petitioner had inappropriately touched Student A's mouth with a rolled up piece of paper in order to quiet him. Furthermore, Petitioner admitted to the misconduct to Principal Josephine Marsella and the OSI Investigator Dennis Boyles. Based on this evidence and Petitioner's failure to deny, without qualification, that he made physical contact with Student A, the Chancellor's Committee properly recommended denial of Petitioner's appeal seeking to vacate his unsatisfactory rating. The Chancellor accepted the recommendation of his review committee and denied Petitioner's appeal.

As a consequence, the determination of the Chancellor was not arbitrary and capricious and the Verified Petition should therefore be dismissed.

1

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

## STATEMENT OF FACTS

Respondent respectfully refers the Court to Respondent's Verified Answer, dated March 16, 2007, and the exhibits annexed thereto, for the facts relevant to this proceeding.

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

## ARGUMENT

### POINT I

**THE DENIAL OF PETITIONER'S APPEAL SEEKING TO VACATE HIS UNSATISFACTORY RATING WAS REASONABLE AND NOT ARBITRARY AND CAPRICIOUS**

The standard of review for agency determinations is the arbitrary and capricious standard. CPLR § 7803(3); *see also* Scherbyn v. Wayne-Finger Lakes, 77 N.Y.2d 753, 758, 573 N.E.2d 562, 566, 570 N.Y.S.2d 474, 478 (1991) (standard of review for agency determination is arbitrary and capricious). In addition, it is "well settled that a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion." Pell v. Board of Education, 34 N.Y.2d 222, 232, 313 N.E.2d 321, 326, 356 N.Y.S.2d 833, 840 (1974) (*emphasis in original*) *quoting* Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N.Y.2d 508, 520 (1956).

Moreover, there is a very strong presumption that respondent acted appropriately and petitioner bears the "burden of pleading and proving that respondent acted in bad faith." Leskow v. Office of Court Administration, 248 A.D.2d 1004, 1004, 670 N.Y.S.2d 148, 148 (4th Dep't 1998). The purpose of the court is not to "second guess administrative determinations made by various agencies and departments." Soto v. Koeheler, 567 N.Y.S.2d 652, 654 (1st Dep't 1991). Courts are "simply to determine if petitioner has shown bad faith on the part of the respondent." Id., 567 N.Y.S.2d at 654.

In the instant matter, Petitioner has made no showing that DOE acted in bad faith or that its determination denying Petitioner's appeal was arbitrary and capricious. Petitioner's appeal was heard on May 23, 2006 and on August 11, 2006, the Committee recommended denial of

3

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

Petitioner's appeal, finding that, based on the oral testimony and documents presented, including Petitioner's admitted misconduct, that the unsatisfactory rating was warranted.

The Committee's determination and recommendation was supported by the credible evidence and was reasonable. Petitioner admitted to his principal, Josephine Marsella, and the Office of Special Investigations investigator, Dennis Boyles, that he touched Student A's mouth with a rolled-up piece of paper in order to quiet him. As a result, Petitioner violated DOE's rule on corporal punishment prohibiting the use of physical force to discipline a student. Principal Carl SantaMaria was thus warranted in giving Petitioner an unsatisfactory rating.[1]

Petitioner has presented no credible evidence that the Committee's recommendation and the Chancellor's determination were made in bad faith or were arbitrary and capricious. Consequently, the Verified Petition should therefore be dismissed in its entirety.


### POINT II

### PETITIONER'S CLAIM FOR MONEY DAMAGES IS NOT INCIDENTAL TO THE PRIMARY RELIEF SOUGHT

It is fundamental that a "claim for money damages in an article 78 petition must be incidental to the primary relief sought." Reape v. Adduci, 151 A.D.2d 290, 293, 542 N.Y.S.2d 562, 564 (1st Dep't 1989). The determination of whether damages are incidental is "dependent upon the facts and issues presented in a particular case." Odrich v. Turstees of Columbia University, 2005 NY Slip. Op. 51857U *3 (New York Sup. Ct.) ( Cahn, J.S.C.). In general, a claim for money damages has "been held to be incidental to the primary relief sought where the petitioner's entitlement to the money damages in question is dependent upon, and follows as a

---

[1] Although Petitioner worked at PS212K, he was on the payroll of PS153K. Carl SantaMaria, the principal of PS 153K, was therefore responsible for Petitioner's evaluation.

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

substantially automatic consequence of, a determination in the petitioner's favor with respect to the issue(s) which are the primary focus of the Article 78 proceeding." Id., 2005 NY Slip. Op. 51857U at 3-4.

Here, Petitioner's claim for money damages is not incidental to the primary relief sought nor can it be categorized as an automatic consequence of a determination in Petitioner's favor. Petitioner asserts that he has lost financial benefits of $23,000 in 2005 and financial benefits in excess of $500,000 in future years due to the reduction of income from the loss of his retention right to earn extra income from DOE as a summer school teacher and per session home instructor. Petitioner, however, presents no proof that he would have, in fact, earned $23,000 in 2005 by working as a summer school teacher and per session home instructor. Petitioner's evidence that he will earn in excess of $500,000 in future years is also lacking. It is entirely speculation for Petitioner to assert that he would have earned $23,000 in 2005 and $500,000 in future years. Because Petitioner is speculating as to the amounts he would have earned, such money damages cannot be incidental or be an automatic consequence of a determination in Petitioner's favor. Hancock v. City of New York, 272 A.D.2d 80, 80-1, 707 N.Y.S.2d 832, 832-3 (1st Dep't 2000) (calculation of overtime excluded from plaintiff's award because it would require speculation to estimate amount of overtime plaintiff would have worked).

5

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**

## CONCLUSION

For the foregoing reasons, the Verified Petition should be dismissed in its entirety.

Dated: New York, New York
March 16, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Respondent
100 Church Street, Room 2-170
New York, New York 10007
212-788-1158

By: _____
Daniel Chiu
Assistant Corporation Counsel

Robert Katz,
Daniel Chiu,
     Of Counsel

**EXHIBIT A: NYC DOE'S STATE COURT MEMORANDUM**