07 Civ. 5797 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLEN STORMAN,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-170*
*New York, New York 10007*

*Of Counsel:*
   Daniel Chiu

*Tel: 212-788-1158*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------- x
GLENN STORMAN,

                                                Docket No. 07 Civ. 5797 (SHS)
                           Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                         Defendant.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Defendant moves to dismiss plaintiff's complaint in which he alleges that defendant deprived him of a property and liberty interest without due process of law when he received an unsatisfactory rating. Plaintiff opposed the initial motion and filed an Amended Complaint, and defendant now replies.

In a desperate attempt to avoid dismissal of this action, prior to opposing defendants' motion to dismiss, plaintiff filed an Amended Complaint. However, as set forth more fully herein, plaintiff's Amended Complaint contains the exact same factual allegations as the original Complaint and, as a result, should be dismissed as a matter of law because it still suffers from the same fatal defects.

In plaintiff's opposition to defendant New York City Department of Education's ("DOE" or "Defendant") motion to dismiss, plaintiff argues that his Complaint should not be dismissed because he is requesting relief that is not available to him in his pending Article 78 proceeding and that he was deprived of a liberty interest and a property right without due process because the alleged deprivation occurred in the context of established state procedure.

1

Plaintiff is plain wrong on the law. First, it is undisputed that an Article 78 proceeding is an adequate post-deprivation proceeding. Further, it is settled that, even though the nature of relief (monetary) that is available in a Section 1983 action differs from what is available in an Article 78 proceeding, that, as a matter of law, does not render the Article 78 proceeding inadequate for due process purposes. Finally, plaintiff incorrectly claims that the alleged deprivation of his property and liberty rights occurred in the context of established state procedure. To the contrary, plaintiff engaged in a random and arbitrary act that could not have been anticipated by DOE officials. Consequently, a post-deprivation remedy, such as the Article 78 proceeding filed by plaintiff, which is still pending, is sufficient to satisfy procedural due process requirements.

As a result, plaintiff received the appropriate process that was afforded to him and, as such, the Amended Complaint should be dismissed in its entirety.

## ARGUMENT

## POINT I

### PLAINTIFF'S AMENDED COMPLAINT DOES NOT MOOT DOE'S MOTION TO DISMISS

After DOE filed its motion to dismiss plaintiff's complaint, plaintiff, realizing the deficiencies in his pleading, filed an Amended Complaint in an attempt to evade a resolution of DOE's motion. The Amended Complaint is identical in all material respects to the Complaint. With the exception of adding paragraphs 35, 43, 46, 51, 52, 54, and 58, which essentially allege that plaintiff did not have the opportunity to cross-examine Student A, no new facts are alleged in the Amended Complaint. (*Cf.*, Complaint, annexed to the Declaration of Daniel Chiu, dated August 16, 2007, Ex. A, and Amended Complaint, annexed to the Reply Declaration of Daniel Chiu, dated October 12, 2007 ("Chiu Reply Dec."), Ex. A). The only other material change is the withdrawal of plaintiff's claim for injunctive relief and to increase plaintiff's claim for damages to $2,000,000. (Chiu Reply Dec., Ex. A, ¶ 64).

Plaintiff appears to argue that the instant action should not be dismissed because the Amended Complaint seeks relief that is not available to him in his pending Article 78 proceeding. Plaintiff, as a matter of law, is wrong. The Second Circuit has clearly held, in Hellenic American Neighborhood Action Committee v. The City of New York, 101 F.3d 877 (2nd Cir. 1996) - a case that plaintiff cites – that an Article 78 proceeding is an adequate post deprivation remedy even though the relief available differs from the relief that is available in a 42 U.S.C. § 1983 action. Hellenic, 101 F.3d at 881 (2nd Cir. 1996) *citing* Hudson v. Palmer, 468 U.S. 517, 535 (1984) (Article 78 proceeding is adequate for due process purposes even though petitioner may not be able to recover the same relief that he could in a § 1983 suit).

This is an end to plaintiff's Amended Complaint.

3

Moreover, because the Amended Complaint remains identical to the Complaint, Plaintiff's Amended Complaint is insufficient to moot DOE's motion and the reasons DOE asserted in its original moving papers for the dismissal of plaintiff's Complaint apply with equal force to the Amended Complaint. Siklos v. Northeastern Anesthesia Services, P.C., 473 F.Supp.2d 494, 496 (S.D.N.Y. 2007) (where complaint amended in response to motion to dismiss, amended complaint will be considered in deciding motion to dismiss); Baldwin v. LIJ North Shore Health System, 392 F.Supp.2d 479, 481-2 (E.D.N.Y. 2005) (motion to dismiss considered to be directed at amended complaint). Plaintiff's Amended Complaint should therefore be dismissed.

## POINT II

### PLAINTIFF WAS NOT DEPRIVED OF A PROPERTY OR LIBERTY RIGHT WITHOUT DUE PROCESS

Plaintiff conclusorily argues that, in accordance with Hellenic American Neighborhood Action Committee, 101 F.3d 877, he was denied due process "in the context of an established state process" and, as a result, "the existence of a post deprivation remedy is not relevant and does not defeat a due process claim." (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, dated September 28, 2007 ("Pl.'s Mem. Law") at 7). Plaintiff, however, is incorrect. The controlling inquiry for whether a deprivation is the result of a random and arbitrary act or takes place in established state procedures "is solely whether the state is in a position to provide for predeprivation process." Rivera v. Community School District Nine, 145 F.Supp.2d 302, 307-8 (S.D.N.Y. 2001).

In the instant matter, similar to Rivera, DOE was not in a position to provide for predeprivation process. Plaintiff used a rolled up piece of paper to touch a student on his lips.

4

Such an act "could not possibly be anticipated before it occurred by lawmakers and administrators who formulate procedures." Id., 145 F.Supp.2d at 308 (plaintiff's due process claim dismissed where deprivation was based on random, unauthorized act that plaintiff cheated and attempted to assault fellow teacher which could not be anticipated before it occurred); *see also* Goonewardena v. State of New York, 475 F.Supp.2d 310, 325 (S.D.N.Y. 2007) *citing* Hellenic American Neighborhood Action Comm., 101 F.3d at 881 (Article 78 perfectly adequate postdeprivation remedy for perceived due process violation as a result of improperly held disciplinary hearing). Plaintiff therefore engaged in a random and unauthorized act and an Article 78 proceeding is an adequate post deprivation remedy.

## POINT III

### LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED AS FUTILE

Without moving for relief in accordance with Rule 7(b) of the Federal Rules of Civil Procedure, plaintiff requests, in the event the Amended Complaint is dismissed, leave to file a second amended complaint. (Pl.'s Mem. of Law at 12). Even if plaintiff's request may properly be made in opposition to a motion to dismiss, such relief should be denied. A motion to amend should be denied if there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the futility of the amendment." H-Quotient, Inc. v. Knight Trading Group, 2007 U.S. Dist. Lexis 68314 *8-9 (S.D.N.Y. Sept. 13, 2007) (Batts, J.). A motion to amend is considered "futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Novella v. Empire State Carpenters Pension Fund, 2007 U.S. Dist. Lexis 63540 *6 (S.D.N.Y. Aug. 28, 2007) (Francis, M.J.). In order to "overcome objections of futility, the moving party must merely show that it has at least colorable

5

grounds for relief." Id., 2007 U.S. Dist. Lexis 63540 at 7 (*citation and internal quotations omitted*).

Here, plaintiff has made no such showing. Plaintiff does not provide a copy of the proposed second amended complaint or give any indication as to the information or allegations that would be added to the amended complaint if leave were granted. In re Crude Oil Commodity Litigation, 2007 U.S. Dist. Lexis 66208 *12 (S.D.N.Y. Sept. 7, 2007) (Buchwald, J.) (Court is loathe to grant leave to amend in absence of opportunity to review proposed amendment); *see also* In re WorldCom, Inc. Securities Litigation, 303 F.Supp.2d 385, 391 (S.D.N.Y. 2004) (in absence of any indication how a further amendment would improve upon the Complaint leave to amend must be denied as futile).

Additionally, plaintiff already had an ample opportunity to add any and all additional facts and claims when he amended his Complaint on September 20, 2007. (Chiu Reply Dec., Ex. A). Presumably, plaintiff would include all known facts/claims in the Amended Complaint. The act that plaintiff claims caused the alleged due process violation already occurred, consequently, it defies logic to believe that plaintiff possesses additional facts to allege in yet another amended complaint. Thus, plaintiff's request is specious at best, and should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court issue an order granting Defendant's motion to dismiss and dismiss the Amended Complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 12, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 2-170
                                    New York, New York 10007
                                    212-788-1158

                              By: _____
                                    Daniel Chiu (DC-3381)
                                    Assistant Corporation Counsel

Michelle Molfetta
Daniel Chiu,
      Of Counsel

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On October 12, 2007, I served the annexed Defendant's Reply Memorandum of Law in Further Support of Motion to Dismiss by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

>John C. Klotz, Esq.
>Attorney for Plaintiff
>350 Fifth Avenue, Suite 4810
>New York, New York 10118

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       October 12, 2007

_____
Daniel Chiu